UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICKY J. GOODLOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:09CV615 TIA |
| ) | |
| ROY MUELLER, et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the application of Ricky J. Goodloe (registration no. 532439) for leave to commence this action without payment of the required filing fee.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id*.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. *See* 28 U.S.C. § 1915(a)(1),(2). A review of plaintiff's account statement indicates an average monthly deposit of $9.92, and an average monthly account balance of $0. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.98, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 112 S. Ct. 1728, 1733 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## The complaint

Plaintiff, an inmate at the Tipton Correctional Center, seeks monetary relief in this 42 U.S.C. § 1983 action against Roy Mueller (Director, Justice Services), Al Breeding (Unit Manager, St. Louis

County Justice Center), and Charlie A. Dooley (St. Louis County Executive). Plaintiff states that he is suing defendants in their "official authority." He alleges that due to their "supervisory positions over correctional staff and department management staff," defendants are responsible for plaintiff's loss of property. In addition, plaintiff claims that his employer mailed him three envelopes of plaintiff's legal material and marked each envelope "Legal Material - Confidential." Only two of the three envelopes were delivered to plaintiff, and "all the legal material had been gone through." Plaintiff states that he filed a grievance concerning the mail issue and, in retaliation, defendant Breeding gave him a false conduct violation. Plaintiff claims that he needed to bring these legal documents to the attention of his attorney prior to a probation revocation hearing. He attributes his present incarceration to the fact that he never received all his legal documents. Plaintiff also claims that defendant Breeding failed to follow "U.S. Mail Procedures and Justice Center mail policies," and "negligent[ly] disregarded" his property rights. Plaintiff further claims that all defendants engaged in "intention[al] deception and misleading tactics" relative to the loss of his property.

**Discussion**

Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." Id. Moreover, to state a claim against a municipality or a government official in his or her official capacity, a plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity

was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted.

Furthermore, to the extent that plaintiff is suing defendants based on supervisory liability, the complaint is legally frivolous. See Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits).

In addition, plaintiff's Due Process claims based on the loss of property fail to state a cause of action cognizable under § 1983 and are legally frivolous. Although the Due Process Clause may be implicated when a prisoner suffers a loss of property, if the taking of property by prison officials is intentional and the state provides an adequate postdeprivation remedy, there is no violation of due process. *Hudson v. Palmer*, 468 U.S. 517 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 328 (1986). Plaintiff does not allege that he lacks an adequate postdeprivation remedy, and, in fact, the State of Missouri provides the postdeprivation remedy of replevin for the recovery of personal property. *See* Mo. R. Civ. P. 99.01 - 99.15.

Plaintiff's Due Process allegations relative to receiving a false conduct violation do not implicate constitutionally-protected interests, because they do not constitute an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472 (1995). Furthermore, plaintiff's allegations do not indicate that he has suffered the type of atypical and significant hardship in which the state might conceivably create a liberty interest. *Cf. id.* at 485-86 (no atypical and significant hardship where inmate spent thirty days in solitary confinement); *Hemphill v. Delo*, 124 F.3d 208 (8th Cir. 1997)(same; four days locked in housing unit, thirty days in disciplinary segregation, and approximately 290 days in administrative segregation);

*Driscoll v. Youngman*, 124 F.3d 207, 1997 WL 581072, \*\*2 (8th Cir. 1997)(same; 135 days in disciplinary and administrative segregation); *Wycoff v. Nichols*, 94 F.3d 1187, 1190 (8th Cir. 1996)(same; ten days disciplinary detention and 100 days in maximum-security cell).

Last, plaintiff's allegation that defendants failed to follow U.S. Mail Procedures and prison regulations does not amount to a § 1983 claim. *See Bagley v. Rogerson*, 5 F.3d 325 (8th Cir. 1993) (allegation of state law violation, statutory or decisional, does not, in itself, state claim under federal Constitution or § 1983).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $1.98 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED** as moot.

An appropriate Order shall accompany this Order and Memorandum.

Dated this 8th day of October, 2009.

                                        HENRY EDWARD AUTREY
                                        UNITED STATES DISTRICT JUDGE